HELENE NOVEY, Judgment Creditor, Appellant, *v.* EMANUEL E. NOVEY, Also Known as EDWARD NOVEY, Judgment Debtor, and THE BORDEN COMPANY, Third Party, Respondent.*

Supreme Court, Appellate Term, First Department, June 29, 1939.

*Tetelman & Tetelman (Louis L. Tetelman* of counsel), for the appellant.

*Milbank, Tweed & Hope (Clarence S. Birkmeyer* of counsel), for the respondent.

PER CURIAM. The subpoena served on the third party contained a valid and enforcible restraint. The judgment creditor, in indorsing the provisions of section 781 of the Civil Practice Act on the subpoena, which was dated October 8, 1938, omitted the amendments effective September 1, 1938. These amendments did not constitute a substantial variation from the statute. The amendments were immaterial in the circumstances of this case and the failure to include them in no way prejudiced or misled the third party.

The intent of the Legislature was to eliminate the red tape and the technicalities which in the past so frequently put obstacles in the way of the collection of judgments. Section 787 of the Civil Practice Act provides:

---

* See *St. Luke's Hospital* v. *Godet,* 171 Misc. 7.

" No order, subpoena or warrant shall be vacated or quashed nor shall any judgment debtor, third party or witness be relieved from compliance therewith because of any informality or irregularity therein, but the same may be amended so as to remedy such irregularity or informality as justice may require."

Justice requires that the validity of the subpoena and the restraining provisions therein be upheld.

Orders reversed, with ten dollars costs and disbursements, third party's motion denied, judgment creditor's motion granted, with ten dollars costs, and third party fined the amount of the judgment and matter remitted to City Court to proceed accordingly.

FRANKENTHALER and SHIENTAG, JJ., concur; NOONAN, J., dissents.